FILED

Nov 19  2 13 PM '03

U.S. DISTRICT COURT
NEW HAVEN, CONN.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **DANTE GHIROLI** | : | CIVIL NO. |
| | : | 302 CV 02258 GLG |
| Plaintiff, | : | |
| v. | : | |
| **ROBERT MASSEY, JR.** | : | |
| and **ROBERT MASSEY, SR.** | : | |
| Defendants. | : | NOVEMBER 18, 2003 |

### DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

1.  Denied.

2.  Admitted.

3.  Denied, except admit that Robert Massey, Jr., at all times relevant was the Chairman of the Board of Fire Commissioners for the Town of Branford, Connecticut and that the Plaintiff is a firefighter in the town.

4.  Denied, except admit that Robert Massey, Sr., at all times relevant was an Assistant Fire Chief on a volunteer basis for the Town of Branford, Connecticut.

5.  Denied, except to the extent that Robert Massey, Sr. is the father of Robert Massey, Jr.

6. Denied.

7. Admitted.

8. Denied.

9. Denied.

10. Denied.

11. Defendants lack knowledge, information or belief sufficient to form a conclusion as to the truth of the allegations of paragraph 11. To the extent that a further answer is required, the allegations are denied.

12. Denied.

13. Denied.

14. Denied.

15. Defendants lack knowledge, information or belief sufficient to form a conclusion as to the truth of the allegations of paragraph 15. To the extent that a further answer is required, the allegations are denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

**COUNT I**   **(Against Both Defendants)**

Denied.

**COUNT II**   **(Against Both Defendants)**

Denied.

3

**COUNT III**   (Against Robert Massey, Sr.)

Denied.

**COUNT IV**   (Against Both Defendants)

Denied.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE:**

The Court lacks subject matter jurisdiction.

**SECOND AFFIRMATIVE DEFENSE:**

The action is barred by the applicable statute of limitations.

**THIRD AFFIRMATIVE DEFENSE:**

Plaintiff's allegations fail to state a cause of action for which relief can be granted and therefore should be dismissed and judgment entered for the defendants.

**FOURTH AFFIRMATIVE DEFENSE:**

Defendants are immune from liability under 42 U.S.C. § 1983 and all alleged actions, if any, were performed within the scope of such immunity.

**FIFTH AFFIRMATIVE DEFENSE:**

At all times mentioned in the Complaint, Defendants were acting in their official capacities for the Town of Branford, Connecticut. Their alleged actions, if any, were made in

good faith, without malice and/or performed in the reasonable belief that such actions were authorized by and in accord with existing law and authority.

**SIXTH AFFIRMATIVE DEFENSE:**

Any liability assessed against the individual defendants is the responsibility of the Town of Branford, Connecticut. Therefore, the Town is a necessary defendant and plaintiff's claims should be dismissed for failure to join a necessary party.

**SEVENTH AFFIRMATIVE DEFENSE:**

Plaintiff's rights, privileges, and immunities secured under the Constitution, or Laws of the United States, have not been violated by any alleged action of Defendants.

**EIGHTH AFFIRMATIVE DEFENSE:**

Any harm which came to Plaintiff was a direct and proximate result of Plaintiff's own action.

**NINTH AFFIRMATIVE DEFENSE:**

Plaintiff has failed to exhaust available administrative remedies, and is thus precluded from prosecuting this action.

**TENTH AFFIRMATIVE DEFENSE:**

Pursuant to 42 U.S.C. § 1988, Defendants are entitled to an award of attorney's fees and the costs of defending this action.

**ELEVENTH AFFIRMATIVE DEFENSE:**

Any alleged statements by the Defendants concerning the Plaintiff were true in substance and fact.

**TWELFTH AFFIRMATIVE DEFENSE:**

Any alleged statements by the Defendants concerning the Plaintiff were privileged.

**THIRTEENTH AFFIRMATIVE DEFENSE:**

Any alleged statements by the Defendants concerning the Plaintiff were made in good faith and without malice.

**FOURTEENTH AFFIRMATIVE DEFENSE:**

Plaintiff fails to allege any constitutionally protected right.

THE DEFENDANTS -
ROBERT MASSEY, JR. and
ROBERT MASSEY, SR.

By: /s/ Joseph P. Yamin

Joseph P. Yamin, Esq. (CT 16178)
Eric M. Grant, Esq. (CT 21189)
George G. Mowad, II, Esq. (CT 16327)
Yamin & Grant, LLC
182 Grand Street, Suite 417
Waterbury, CT 06702
Telephone: (203) 574-5175
Facsimile: (203) 573-1131

**CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing has been served via facsimile and U.S. Mail, postage prepaid, this 18th day of November 2003 to all counsel and pro se parties of record as follows:

Counsel for the Plaintiff, Dante Ghiroli:

Karen Lee Torre, Esq.

Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06510

Counsel for the Town of Branford:

Lisa K. Titus, Esq.
Thomas R. Gerarde, Esq.
Howd & Ludorf
65 Weathersfield Avenue
Hartford, CT 06114

Joseph W. McQuade, Esq.
Kainen, Escalera & McHale, P.C.
21 Oak Street, Suite 601
Hartford, CT 06106

Counsel for Robert Massey Sr.:

Charles E. Vermette, Jr. Esq.
Litchfield Cavo
40 Tower Lane, Ste. 200
Avon, CT 06001

Counsel for Robert Massey, Sr.:

David A. Corbett
Litchfield Cavo
40 Tower Lane, Ste. 200
Avon, CT 06001

George G. Mowad, II, Esq.