UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DANTE GHIROLI | : | CIVIL NO. |
| | : | 3:02 CV 02258 GLG |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ROBERT MASSEY, JR. and | : | |
| ROBERT MASSEY, SR. | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| ROBERT MASSEY, JR., and | : | CIVIL NO. |
| ROBERT MASSEY, SR., | : | 3:02 CV 02258 GLG |
| | : | |
| Third-Party Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| TOWN OF BRANFORD | : | |
| | : | |
| Third-Party Defendant. | : | FEBRUARY 6, 2004 |

**MEMORANDUM OF LAW IN OPPOSITION TO THE TOWN OF
BRANFORD'S REQUEST FOR LEAVE TO AMEND
ITS ANSWER AND AFFIRMATIVE DEFENSES**

I.    **PRELIMINARY STATEMENT**

The third-party plaintiffs, Robert Massey, Jr. and Robert Massey, Sr. (collectively, "Third-Party Plaintiffs"), pursuant to Connecticut Local Rules of Civil Procedure 7(a), submit this memorandum of law in opposition to the Town of Branford (the "Town"), request for leave to amend its Answer and Affirmative Defense to the Third-Party Plaintiffs' First Amended Complaint.

## II.    PROCEDURAL HISTORY

The Third-Party Plaintiffs filed their First Amended Complaint on August 7, 2003. The Town did not file its Answer and Affirmative Defense to the First Amended Complaint until November 3, 2003. The only affirmative defense set forth by the Town was that the First Amended Complaint failed to state a claim upon which relief may be granted. The Town alleged no facts in support of their Affirmative Defense.

The parties have since agreed to scheduling orders, which have been made orders of the Court that requires discovery to be complete by March 5, 2004. Additionally, the Town's deposition has been taken and left open only for complete examination of the Town concerning insurance coverage. The Town now wishes to amend its Answer and Affirmative Defense, not to "amplify" its previous special defense as it claims, but rather to add five (5) additional Affirmative Defenses.

The Town wishes to add the following special defenses:

a. The Third-Party Plaintiffs are charged with conduct for which the provision of a defense or indemnification is not required pursuant to the statutory authority recited in the Third-Party Complaint;

b. The Third-Party Plaintiffs have waived any claim or right to claim that the Third-Party Defendant defend or indemnify them;

c. The Third-Party Plaintiffs have not complied with the notice requirements contained in the statutes upon which the Third-Party Plaintiff relies in their Third-Party Complaint;

2

      d.     The Third-Party Plaintiffs have discharged the Third-Party Defendant from any obligation to defend or indemnify them;

      e.     The Third-Party Plaintiffs have not filed a claim pursuant to Connecticut General Statute § 7-308 within the applicable Statute of Limitations.

## III.    LEGAL ANALYSIS

The Town's request for leave to amend its Answer and Affirmative Defense to the Amended Third-Party Complaint should be denied because the Third-Party Plaintiffs will be unduly prejudiced by an amendment to the pleading and the proposed Affirmative Defenses are legally insufficient.

"The propriety of granting a motion to amend remains within the sound discretion of the district court." Messier, et al v. Southbury Training School, et al., 1999 U.S. Dist. LEXIS 6992 * 7, (1999). "District Courts may deny leave to amend where the motion is made after an inordinate delay, the movant offers no adequate excuse for the delay, and the nonmovant would suffer undue prejudice." Id. at * 7  Additionally, "[C]ourts evaluate undue prejudice by considering whether the amendment would: (1) require the opponent to spend significant additional resources to conduct discovery and prepare for trial . . . ." Id at * 9.

Here, the Town's original Answer and Affirmative Defenses were filed on November 19, 2003, some three and one-half months after the Third-Party Complaint was filed and two months prior to filing its request for leave to amend.  Additionally, the Town offers no excuse for its delay in filing its request for leave to amend.  There

has been no evidence presented in discovery that was not known by the Town at the time of filing their Answer and Affirmative Defense. Finally, the Third-Party Plaintiffs will be unduly prejudiced as the deposition of the Town has already been taken, with the exception of insurance issues, and the deadline for completing discovery is March 5, 2004. The Third-Party Plaintiffs have spent substantial time and incurred substantial expenses preparing for trial in reliance on the prior pleading and would be forced to spend even more time and incur even more expenses if required to prepare for the Town's proposed additional five Affirmative Defenses. The Third-Party Plaintiff has already spent several hours preparing and conducting the deposition of the Town and would be forced to spend additional time and money in order to properly defend the five new and/or additional Affirmative Defenses. The Town is not amplifying the existing affirmative defense, as alleged, but rather is attempting to add five additional and separate affirmative defenses under the claim of amplification.

Furthermore, the Town's new defenses have no merit. "Judicial Economy and the interest of justice require that if there exists no set of facts under the amendments which would constitute a valid and sufficient defense to Plaintiffs' claims, leave to amend should be denied." Schaghticoke Tribe of Indians v. Kent School Corp. Inc., 423 F. Supp. 780, 783 (1976). Additionally, "[I]f the amended defenses are legally sufficient so as to invite a motion to strike under Rule 12(f), however, it would serve no purpose to allow the amendment over the Plaintiffs' objections." Id at 783.

The Town's first Amended Affirmative Defense states "[t]he Third-Party Plaintiffs are charged with conduct for which the provision of a defense or

4

indemnification is not required pursuant to the statutory authority recited in the Third-Party Complaint." The Third-Party Plaintiffs rely on Connecticut General Statute § 7-101a, among others, as their statutory authority. Connecticut General Statutes § 7-101 provides in relevant part:

> (a) Each municipality shall protect and save harmless any municipal officer, whether elected or appointed, of any board, committee, council, agency or commission, including any member of a local emergency planning committee appointment from such municipality pursuant to section 22a-601, or any municipal employee, of such municipality form financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand, suit or judgment by reason of alleged negligence, or for alleged infringement of any person's civil rights, on the part of such officer or such employee while acting in the discharge of his duties.

> (b) In addition to the protection provided under subsection (a) of this section, each municipality shall protect and save harmless any such municipal officer or municipal employee from financial loss and expense, including legal fees and costs, if any, arising our of any claim, demand, or suit instituted against such officer or employee by reason of alleged malicious, wanton or wilful act or ultra vires act, on the part of such officer or employee while acting in the discharge of his duties. In the event such officer or employee has a judgment entered against him for a malicious, wanton or wilful act in a court of law, such municipality shall be reimbursed by such officer or employee for expenses its incurred in providing such defense and shall not be held liable to such officer or employee for any financial loss or expense resulting from such act.

> *
> *
> *

> (d) No action shall be maintained under this section against such municipality or employee unless such action is commenced within two years after the cause of action therefor arose nor unless written notice of the intention to commence such action and of the time when and the place where the damages were incurred or sustained has been filed with the clerk of such municipality within six months after such cause of action has accrued.

It is clear from the underlying complaint brought by Dante Ghiroli, that the Third-Party Plaintiffs are charged with conduct, which occurred while they were acting in the discharge of their duties as municipal officers and as such are entitled to the protection provided by Connecticut General Statute § 7-101a. For the above stated reasons, the Town's first proposed Amended Affirmative Defense is legally insufficient.

The Town's second, third, fourth and fifth Affirmative Defenses are likewise devoid of any merit. There are no record facts, nor are any alleged by the Town which would support its defenses of waiver, lack of notice, the discharge of its duty to indemnify or the statute of limitations.

The Town, should not be allowed to amend at this late date without even a profer of the facts which it claims support the amendment nor an explanation of its delay.

## IV.    **CONCLUSION**

For the foregoing reasons, the Third-Party Plaintiffs respectfully request that the Town's Request for Leave to Amend be denied.

6

THE DEFENDANTS/
THIRD-PARTY PLAINTIFFS -
ROBERT MASSEY, JR. and
ROBERT MASSEY, SR.

By: _____

Joseph P. Yamin, Esq. (CT 16178)
Eric M. Grant, Esq. (CT 13594)
George G. Mowad, II, Esq. (CT 16327)
Yamin & Grant, LC
182 Grand Street, Suite 417
Waterbury, CT 06702
Telephone:  (203) 574-5175
Facsimile:  (203) 573-1131

7

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing has been served via U.S. Mail, postage prepaid, this 6th day of February 2004 to all counsel and pro se parties of record as follows:

Counsel for the Dante Ghiroli:

Karen Lee Torre, Esq.
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT 06510

Counsel for the Town of Branford:

Thomas R. Gerarde, Esq
Howd & Ludorf
65 Wethersfield Avenue
Hartford, CT 06114

Counsel for Robert Massey, Sr.:

David A. Corbett
Litchfield Cavo
40 Tower Lane, Ste. 200
Avon, CT 06001

/George G. Mowad, II, Esq.

8