UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DANTE GHIROLI | : | NO.: 3:02CV02258 (GLG) |
| | : | |
| v. | : | |
| | : | |
| ROBERT MASSEY, JR. AND | : | |
| ROBERT MASSEY, SR. | : | |
| | : | |
| v. | : | |
| | : | |
| TOWN OF BRANFORD | : | FEBRUARY 9, 2004 |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF THIRD PARTY DEFENDANT;S REQUEST FOR LEAVE TO AMEND ANSWER AND AFFIRMATIVE DEFENSES**

Regardless of whether the Third Party defendant's (hereinafter "the Town") proposed amended affirmative defenses are termed an amplification of existing affirmative defenses or the setting forth of separate and distinct affirmative defenses, the rule regarding the granting of leave is the same. F.R.C.P. 15(a) mandates that leave be freely given when justice requires. Forman v. Davis, 371 U.S. 178, 182 (1962). See, Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 235 (2d Cir. 1995) (preferred course is for court to permit amendments); Jet, Inc. v. Sewage Aeration Sys., 165 F.3d 419, 425 (6th Cir. 1999) (leave to amend should be freely given because cases should be tried on their merits rather than technicalities of pleadings); Figgie Int'l, Inc. v. Miller, 966 F.2d 1178, 1180-1181 (7th Cir. 1992) (liberal standards apply to motions for leave to amend).

Third Party plaintiffs (hereinafter "the Masseys"), in their opposition memorandum, claim there has been no reason provided by the Town for not pleading the subject affirmative defenses sooner; and that the Town has made no proffer of evidence that the defenses have merit.  The purpose of this memorandum is to respond to these claims.

The reason why the proffered defenses were not part of the original answer filed by the Town is that the plaintiffs originally failed to plead any claim upon which the plaintiff could seek indemnification from the Town.  Accordingly, a Motion to Dismiss was filed prior to any discovery or investigation, based on the affirmative defense that the complaint failed to state a claim upon which relief may be granted.  In response to the Motion to Dismiss, the Massey's then sought an amendment so they could state a cognizable claim in their complaint.  The Massey's Request for Leave to Amend the Complaint was granted.

When responding to the Amended Complaint, the Town continued with its original affirmative defense and, after conducting limited investigation, has discovered factual bases for all of the affirmative defenses set forth in the Amended Answer and Affirmative Defenses.  Only two months have elapsed between the date of the filing of the Answer and Affirmative Defenses by the Town to the Massey's Amended Complaint and the Request for Leave to Amend.  The Masseys argue that justice does not allow for this amendment, yet they had no difficulty arguing that justice should permit their amending their original complaint six months after it was filed as a means of surviving a fully dispositive Motion to Dismiss.

The Request for Leave to Amend was filed after the first deposition was taken in this case. The deposition was of a Town witness, on issues related to the first party Complaint, and not related to the issues the Masseys raised in their Third Party Complaint against the Town. The Town has been asked to designate a second individual who can testify regarding the issues pertaining to the Third Party Complaint and the Town seeks to have the Amended Answer and Affirmative Defenses in place prior to this deposition proceeding so as to avoid any claim of surprise on the part of the Masseys. Discovery remains open and there is no trial date assigned. The Masseys will not be prejudiced from being fully able to discover the basis of the Town's affirmative defenses and to respond as necessary. The Town of Branford would not object to any requested enlargement of any parameter of the Scheduling Order if the Masseys needed additional time to appropriately respond.

In terms of there being merit to the Town's defenses, a short factual background is necessary. When plaintiff Dante Ghiroli sued the defendants Robert Massey, Sr. and Robert Massey, Jr., the Town of Branford, through its insurance carrier, retained a defense firm that specialized in employment law (Kainen, Escalara & McHale) to represent the Masseys. The Masseys rejected this assignment of defense counsel, and instead insisted on proceeding with representation by their personal counsel, Yamin & Grant, LLC. The evidence recently acquired by the Town discloses that the Masseys, through their personal counsel, were forewarned that the Town's insurance carrier and the Town would be taking the position that the duty to provide the Masseys with an attorney is discharged through the offering of the services

of Kainen, Escalara & McHale.  We have further uncovered evidence that Attorney Yamin  fully explained to the Masseys their unorthodox approach and the potential consequences of taking that approach; but notwithstanding said explanations the Masseys elected to proceed with representation by Yamin & Grant.

Clearly, the above evidence supports an affirmative defense related to waiver and discharge of an obligation on the part of the Town to defend and indemnify the Masseys in the lawsuit brought against them by Ghiroli.

In addition, the Town has recently discovered evidence that the Masseys were forewarned that insurance would not pay for a counterclaim brought against Dante Ghiroli by the Masseys and that personal counsel would have to be retained for that purpose.  Counsel for the Masseys have recently indicated that their position is that they are now seeking not only the attorney's fees expended on defending the Ghiroli claim, but also those expended on the prosecution of a counterclaim.  This recently discovered evidence and advice from counsel would certainly justify the affirmative defenses aimed at discharge or waiver of an obligation to pay for lawyer's fees incurred by the Masseys in the course of prosecuting a counterclaim.

Motions to amend pleadings for the purpose of conforming to evidence are routinely granted even after trial has commenced, absent a showing of prejudice, and defendant's motions to amend answer and affirmative defenses should be granted. Indeed, the defendant is seeking an amendment at this time to guarantee the avoidance of any prejudice to the Masseys, by insuring that the Masseys are on notice

of the affirmative defenses deriving from the information recently acquired by counsel, <u>in advance of the deposition of the Town witness on these issues</u>.

      For the reasons set forth above, the defendant requests this Court to grant its Motion for Leave to Amend its Answer and Affirmative Defenses.

THIRD-PARTY DEFENDANT,
TOWN OF BRANFORD


By__/s/ Thomas R. Gerarde____
   Thomas R. Gerarde
   Howd & Ludorf
   65 Wethersfield Avenue
   Hartford, CT  06114
   (860) 249-1361
   (860) 249-7665 (fax)
   E-Mail:  tgerarde@hl-law.com
   ct05640

## **CERTIFICATION**

   This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail to the following counsel of record this 9th day of February, 2004.

Karen Lee Torre, Esquire
Law Offices of Karen Lee Torre
51 Elm Street, Suite 307
New Haven, CT  06510

Eric M. Grant, Esquire
Keith P. Zanni, Esquire
George Mowad, Esquire
Yamin & Grant, LLC
182 Grand Street, Suite 417
Waterbury, CT  06702

Charles E. Vermette, Jr., Esquire
Litchfield Cavo
40 Tower Lane, Suite 200
Avon, CT  06001

              ____/s/ Thomas R. Gerarde____
              Thomas R. Gerarde